IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAMELA SUE HILLIER, | CASE NO. 4:25-cv-2103 |
| Plaintiff, | DISTRICT JUDGE |
| | CHARLES ESQUE FLEMING |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Defendant. | **REPORT AND RECOMMENDATION** |

Plaintiff Pamela Sue Hillier filed a complaint against the Commissioner of Social Security seeking judicial review of the Commissioner's decision denying her applications for disability insurance benefits and supplemental security income. Doc. 1. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Court referred this matter to a Magistrate Judge under Local Rule 72.2(b)(1) for the preparation of a Report and Recommendation. Following review, and for the reasons stated below, I recommend that the District Court affirm the Commissioner's decision.

**Procedural background**

In March and May 2023, Hillier filed applications for disability insurance benefits and supplemental security income, respectively, alleging a

disability onset date of October 1, 2015.[1] *See* Tr. 229, 236. In pertinent part, Hillier claimed that she was disabled and limited in her ability to work due to anxiety, post-traumatic stress disorder ("PTSD"), and panic attacks. *See* Tr. 277. The Commissioner denied Hiller's applications initially and on reconsideration. Tr. 125, 130, 145, 149.

In March 2024, Hillier requested a hearing. Tr. 152. In August 2024, Administrative Law Judge ("ALJ") Charles Shinn held a telephonic hearing. Tr. 58–81. Hillier appeared, testified, and was represented by counsel at the August 2024 hearing. *See* Tr. 58. Qualified vocational expert Thomas Nimberger also testified. *Id*. In September 2024, the ALJ issued a written decision finding that Hillier was not entitled to benefits. Tr. 9–19.

In October 2024, Hillier appealed the ALJ's decision to the Appeals Council. *See* Tr. 226. In August 2025, the Appeals Council denied Hillier's appeal, making the ALJ's September 2024 decision the final decision of the Commissioner. Tr. 1; *see* 20 C.F.R. § 404.981.

Hillier timely filed this action in October 2025. Doc. 1. In it, she asserts the following three issues:

> 1. Whether the ALJ reversibly erred by failing to articulate the persuasiveness of the supportability factor when evaluating the medical opinion of consultative examiner Dr. Kircher.

---

[1]  "Once a finding of disability is made, the [agency] must determine the onset date of the disability." *McClanahan v. Comm'r of Soc. Sec.*, 193 F. App'x 422, 425 (6th Cir. 2006).

2. Whether the ALJ failed to build a logical bridge between his purported acceptance of the state agency's prior administrative medical findings, and his outright rejection of consultative examiner Dr. Kircher's opinion.

3. Whether the ALJ erred by purportedly finding the opinions of the state agency psychologists "persuasive," but failing to recognize the distinction between limiting the <u>quantity</u> of time spend with an individual with the limitation relating to the <u>quality</u> of the social interactions.

Doc. 8, at 1 (emphasis in original).

**Evidence**[2]

Hillier was born in 1966, making her approximately 57 years old at the time of her applications and 49 years old at the time of her alleged onset date. *See e.g.*, Tr. 88. She completed high school and one year of college. Tr. 278.

**The ALJ's Decision**

The ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since October 1, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following sever impairments for the Title XVI timeframe:

---

[2]     Hillier did not include any discussion of the medical or opinion evidence in her factual background section, as required by the Court's initial order. *See* Doc. 4, at 3. As a result and for the other reasons explained, I have only considered Hillier's first issue stated, which is a purely legal issue.

major depressive disorder, agoraphobia with panic disorder, generalized anxiety disorder, panic disorder, attention deficit hyperactivity disorder (ADHD), and posttraumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: can follow simple instruction with others that does not involve arbitration, negotiation, or confrontation; cannot direct the work of others or be responsible for the safety or welfare of others; cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas; and is limited to handling occasional workplace changes in a routine work setting.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 22, 1966 and was 49 years old, which is defined as a younger individual age 18–49, on the alleged disability onset date. The claimant subsequently changed age categories to an individual closely approaching advance age and an individual of advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 11–19.

**Standard for Disability**

Eligibility for social security benefit payments depends on the existence of a disability. 42 U.S.C. §§ 423(a), 1382(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A).

An ALJ is required to follow a five-step sequential analysis to make a disability determination:

1. Is the claimant engaged in substantial gainful activity? If so, the claimant is not disabled.

5

2.     Does the claimant have a medically determinable impairment, or a combination of impairments, that is "severe"? If not, the claimant is not disabled.

3.     Does the claimant's impairment meet or equal one of the listed impairments and meet the duration requirement? If so, the claimant is disabled. If not, the ALJ proceeds to the next step.

4.     What is the claimant's residual functional capacity and can the claimant perform past relevant work? If so, the claimant is not disabled. If not, the ALJ proceeds to the next step.

5.     Can the claimant do any other work considering the claimant's residual functional capacity, age, education, and work experience? If so, the claimant is not disabled. If not, the claimant is disabled.

20 C.F.R. §§ 404.1520, 416.920; *see Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008). Under this sequential analysis, the claimant has the burden of proof at steps one through four. *Jordan*, 548 F.3d at 423. The burden shifts to the Commissioner at step five "to prove the availability of jobs in the national economy that the claimant is capable of performing." *Id*. "The claimant, however, retains the burden of proving her lack of residual functional capacity." *Id*. If a claimant satisfies each element of the analysis and meets the duration requirements, the claimant is determined to be disabled. *Walters Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

**Standard of Review**

A reviewing court must affirm the Commissioner's conclusions unless it determines "that the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Jordan*, 548 F.3d at 422. "'[S]ubstantial evidence' is a 'term of art'" under which "a court … asks whether" the "existing administrative record … contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citations omitted). The substantial evidence standard "is not high." *Id.* at 103. Substantial evidence "is 'more than a mere scintilla'" but it "means only[] 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citations omitted). The Commissioner's "findings … as to any fact if supported by substantial evidence [are] conclusive." 42 U.S.C. § 405(g); *Biestek*, 587 U.S. at 99.

A court may "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Even if substantial evidence or a preponderance of the evidence supports a claimant's position, a reviewing court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). This is so because there is a "zone of choice within which" the Commissioner can act, without fear of judicial "interference." *Lindsley v.*

*Comm'r of Soc. Sec.*, 560 F.3d 601, 605 (6th Cir. 2009) (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)).

**Discussion**

*1. The ALJ properly articulated his evaluation of the medical opinion evidence.*

Hillier argues that the ALJ erred when he evaluated consultative examiner Dr. Kircher's opinion. *See* Doc. 8, at 5.

The Commissioner is required to evaluate the persuasiveness of all medical opinions using the following factors: supportability; consistency; treatment relationship, including the length, frequency, purpose, and extent; specialization; and other factors. 20 C.F.R. §§ 416.920c(a), 416.920c(c)(1)–(5). Supportability and consistency are the most important factors. 20 C.F.R. § 416.920c(a). Supportability means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[] … the more persuasive the medical opinions … will be." 20 C.F.R. § 416.920c(c)(1). Consistency means "[t]he more consistent a medical opinion[] … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] … will be." 20 C.F.R. § 416.920c(c)(2). The Commissioner must explain the supportability and consistency factors when discussing a medical opinion. 20 C.F.R. § 416.920c(b)(2). "[A]n ALJ need not," however, "specifically use the terms 'supportability' or 'consistency' in his analysis." *Cormany v. Kijakazi*, No. 5:21-cv-933, 2022 WL 4115232, at *3 (N.D. Ohio Sept. 9, 2022)

(citing cases). The Commissioner is not required to discuss the remaining factors. *Id.* "A reviewing court evaluates whether the ALJ properly considered the factors as set forth in the regulations to determine the persuasiveness of a medical opinion." *Toennies v. Comm'r of Soc. Sec.*, 2020 WL 2841379, at \*14 (N.D. Ohio June 1, 2020) (internal quotation marks and citation omitted).

As an initial matter, Hillier's objection to the ALJ's evaluation of Dr. Kircher's opinion is purely legal. Hillier argues that the ALJ committed "an error of law" by failing to discuss the supportability when evaluating Dr. Kircher's opinion. *See* Doc. 8, at 5–13. It is thus unnecessary for me to evaluate the medical evidence in this case to consider this argument. So Hillier's failure to include a *Facts* section in her brief, as this Court's initial order requires, *see* Doc. 5, at 3–4, does not doom her first issue.

The ALJ explained his evaluation of Dr. Kircher's opinion as follows:

> I find the psychological consultative examination of Dr. Kircher unpersuasive (Exhibit 6F). Dr. Kircher concluded that the claimant's anxiety could be reasonably expected to impede her workplace performance, her social interactions are extremely limited, she had no difficulty in remembering or carry out instructions, and her attention and concentration are mildly impaired. These opinions are vague, not stated in vocational terms (such as no definition provided for "mildly" impaired). Moreover, the conclusion that the claimant's anxiety would impede her workplace performance/she is extremely limited socially is inconsistent with the medical record as a whole, including her positive response to her psychotropic medications and counseling sessions, without evidence of psychiatric hospitalization in the record, her varied activities of daily living/post onset work activity such as

> babysitting her grandchildren, self-employment, and online college classes, and her mostly unremarkable reported symptoms, without evidence of hallucinations, delusions, obsessions, compulsions, cognitive disorder, current suicidal/homicidal ideation, or other serious issues (Exhibit 3F-5F; 7F-9F).

Tr. 17.

The ALJ discussed the supportability factor in the passage above. While the ALJ did not use the word "supportability," that is not required. *See Cormany*, 2022 WL 4115232, at *3 (collecting cases and explaining that the ALJ "need not specifically use the terms 'supportability' or 'consistency' in his analysis."). Instead of using the word *supportability*, the ALJ explained his evaluation of "objective medical evidence and supporting explanations presented by [the] medical source[,]" in this case, Dr. Kircher, which is what the regulations required. *See* 20 C.F.R. § 416.920c(c)(1) (defining the *supportability* factor as "the objective medical evidence and supporting explanations presented by a medical source … to support his or her medical opinion[]").

The gist of Hillier's argument is that the ALJ's explanation that Dr. Kircher's opinion was "vague" did not satisfy the mandate that the ALJ discuss the supportability of Dr. Kircher's opinion. *See* Doc. 8, at 5–13. The ALJ's complete statement, however, was:

> Dr. Kircher concluded that the claimant's anxiety could be reasonably expected to impede her workplace performance, her social interactions are extremely limited, she had no difficulty in remembering or carry out instructions, and her

10

> attention and concentration are mildly impaired. These opinions are vague, not stated in vocational terms (such as no definition provided for "mildly" impaired).

Tr. 17. In the sentence immediately preceding the ALJ's conclusion that Dr. Kircher's "opinions are vague, not stated in vocational terms (such as no definition provided for 'mildly' impaired)[,]" the ALJ described the functional findings contained within Dr. Kircher's opinion. *Id.*; *see also* Tr. 511–12. Read together, the ALJ's summary of Dr. Kircher's relevant findings followed by the ALJ's assessment that those findings are *vague* and *not stated in vocational terms* because they lack internal definitions, all demonstrate how the ALJ considered Dr. Kircher's *supporting explanations*, or rather, the lack thereof. *See* 20 C.F.R. § 416.920c(c)(1).

Moreover, an ALJ's statement that an opinion is vague goes to the supportability factor. *See Maldonado v. Comm'r of Soc. Sec.*, No. 1:24-cv-415, 2025 WL 1104886, at *22 (N.D. Ohio Apr. 14, 2025) (a doctor's "vague" opinion goes to the supportability factor); *see also Woodard v. Comm'r of Soc. Sec. Admin.*, No. 5:22-cv-1728, 2023 WL 6005004, at *10 (N.D. Ohio July 27, 2023) ("Opinions that express functional limitations in vague terms can be discounted as not describing any functional limitations at all.") (citing *Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 431 (6th Cir. 2018)), *report and recommendation adopted*, 2023 WL 5842016 (N.D. Ohio Sept. 11, 2023); *see also* 20 C.F.R. § 416.945(a)(1) (defining a claimant's RFC as "the most you can still do despite your limitations.").

In sum, the ALJ's decision did explain how he considered the supportability of Dr. Kircher's opinion and Hillier's first issue does not provide a basis for remand.

    2. *Hillier has forfeited review of her remaining issues.*

Hillier's remaining issues require an evaluation of the evidence of record. In her second issue statement, Hillier asserts that the ALJ failed to build an accurate and logical bridge between the evidence and the ALJ's evaluation of Dr. Kircher's consultative opinion and the state agency psychologists' findings. Doc. 8, at 13–14. Additionally, Hillier claims that the ALJ failed to "reconcile" his findings regarding the state agency psychologist opinions and Dr. Kircher's opinion. *Id.* at 14. In her third issue statement, Hillier claims that the ALJ failed to include a limitation regarding the quality of social interactions, specifically arguing that the ALJ did not include a limitation for "superficial" interactions, which was contained within the state agency psychologists' opinions. Tr. 15–16.

In the Court's order initial order in this matter, it instructed that in the parties' briefs, "[a]ll facts relevant to the legal issues and discussion must be set forth in the Facts section." Doc. 4, at 3. The Court also expressly warned that it will not consider facts that a party fails to properly present. *Id.* at 3–4. It instructed that:

> Any facts recited in support of the Argument or Analysis section of a brief must also be set forth in the Facts section of the brief. The Court will not consider facts referenced in a party's argument

> unless those facts have been set out in the *Facts* section of the party's brief.

*Id.* at 3–4.

Despite these warnings, Hillier barely mentions the facts in her "statement of relevant facts" and omits mention—in this social security case—of the medical evidence. Instead, Hillier's brief includes this passage:

> Thus, given the nature of the arguments raised, and in the interest of brevity and avoiding repetition, this brief will discuss relevant facts in the Argument section rather than reiterate them here *pursuant to Local Rule 16.3.1(e)(5)*.

Doc. 8, at 2 (emphasis added). The referenced local rule, however, provides that "the parties' briefs need not include a separately delineated statement of facts, *unless otherwise ordered by the Court*." L.R. 16.3.1(e)(5) (emphasis added). Review of the docket reveals that the Court *did* order otherwise. Doc. 5, at 3–4. So local rule 16.3.1(e)(5)'s proviso does not apply.

In sum, the Court's instruction has fallen on deaf ears.

Moreover, this is not the first time that Hillier's counsel has ignored the Court's order in this regard. *See e.g.*, *Russell v. Comm'r of Soc. Sec.*, No. 1:25-cv-640, 2025 WL 3187093, at *1 n.2 (N.D. Ohio Nov. 14, 2025), *report and recommendation adopted*, 2026 WL 27587 (N.D. Ohio Jan. 6, 2026); *Hawker v. Comm'r of Soc. Sec.*, No. 1:25-cv-920, 2025 WL 2711418, *5 (N.D. Ohio Sept. 23, 2025) (finding arguments forfeited). Indeed, each time that Hillier's counsel has failed to comply with the Court's order, the Court has informed him of the issue. *See Hawker*, 2025 WL 2711418, *5; *Russell*, 2025 WL 3187093, at *1 n.2.

13

And, in at least one case, the Commissioner informed counsel of his failure to comply with the Court's order and he did nothing to correct it. *See Hawker*, 2025 WL 2711418, at *5. Here, Hillier's counsel has again failed to comply with the Court's initial order.

Given the above, Hillier's second and third issues, which require consideration of facts that she failed to properly present, are forfeited. The Court should therefore find that Hillier's second and third issues are not properly presented and do not provide a basis for remand.

**Conclusion**

For all of the reasons stated, I recommend that the Court affirm the Commissioner's decision.

Dated: April 17, 2026

/s/ *James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).